IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGIE FLORENCE BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv918-MHT |
| | ) | |
| The McDONALD'S CORPORATION, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Pending before the Court is Plaintiff's Complaint, wherein contains a Motion to Appoint Counsel (Doc. #1), filed October 11, 2007. On October 17, 2007, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #3).

There is no constitutional right to counsel in a civil matter. *Bass v. Perrin*, 170 F. 3d 1312, 1320 (11th Cir. 1999). While the Court may appoint counsel to represent an indigent litigant, 28 U.S.C. § 1915(e)(1); 42 U.S.C. § 2000e-5(f)(1), it "should appoint counsel only in exceptional circumstances," *Bass*, 170 F.3d at 1320 (citations omitted). The mere fact that Plaintiff would be aided in her case by counsel, does not amount to exceptional circumstances. *See id*. ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel."). Therefore, upon consideration of the motion, and for good cause, it is

ORDERED that the Motion to Appoint Counsel (Doc. #1) is DENIED.

DONE this 18th day of October, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE