IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARGIE FLORENCE BARROW,    )
                                 )
            Plaintiff,     )
                                 )
v.                          )     CIVIL ACTION NO. 2:07cv918-MHT
                                 )
The McDONALD'S CORPORATION,  )
*et al.*,                          )
                                 )
           Defendants.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII),

action, Plaintiff Margie Florence Barrow ("Barrow") alleges in her Complaint, as amended,

(Docs. #1, 9), that as an employee of the McDonald's Corporation through J&J Expandable

Enterprises, Inc., she was discriminated against on the basis of race, sex, and national origin.

Barrow seeks "at least five hundred million dollars" in damages.

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that

the Court DISMISS Barrow's Complaint, as amended, without any further opportunity for

amendment and prior to service, because Barrow has failed to meet the statutory

preconditions to filing suit.

**I. DISCUSSION**

In her Complaint, Barrow claimed the McDonald's Corporation, as white slave

masters, wrongfully discharged her because of her race. (Doc. #1 at 3). Based on what

appeared to be fatal defects in her Complaint and the absence of an Equal Employment Opportunity Commission (EEOC) right-to-sue letter issued to Barrow prior to filing this suit, this Court stayed service of this case and ordered Barrow to file an Amended Complaint. Order of 18 October 2007, Doc. # 6.

On 20 November 2007, Barrow amended her Complaint (Doc. #9), and alleged that a confederacy of white slave maters, white hate groups, the Ku Klux Klan, and several others, acting through the McDonald's Corporation and J&J Expandable Enterprises, Inc., conspired to wrongfully discharge her and deny her workers compensation benefits. *See* Amended Complaint Doc. #9. The Amended Complaint also revealed that Barrow has not been issued a right-to-sue letter from the EEOC. (Doc. #9 at 1)("The EEOC says they will have to send me a letter from them that were within reference to their response to me about my charges of employment discrimination that they received from me about my McDonald's charges.").

Title VII requires that a plaintiff exhaust their administrative remedies and receive a right-to-sue letter from the EEOC prior to instituting a Title VII action in federal district court. 42 U.S.C. § 2000e-5(f)(1). The "receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th

Cir. 1996).[1]

Because Barrow is proceeding *in forma pauperis*, the Court is required under the provisions of 28 U.S.C. § 1915(e)(2)(B) to dismiss a case at any time if it determines the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass,* 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the Plaintiff. *Davis v. Monroe County Bd. of Educ.,* 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Barrow can prove no set of facts that would entitle her to relief. *Brown v. Budget Rent-A-Car Systems, Inc.,* 119 F.3d 922, 923 (11th Cir. 1997).

Barrow has not been issued a right-to-sue letter; thus, she cannot initiate a suit under Title VII. 42 U.S.C. § 2000e-5(f)(1); *Forehand*, 89 F.3d at 1567 (11th Cir. 1996) ("a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). Therefore, even taking the allegations of the complaint as true and construing them in the

---

[1] Barrow has put forth no evidence, nor made any claim that she is entitled to equitable waiver of the statutory requirement. Neither has Barrow shown that she has in fact attempted to exhaust her administrative remedies by filing a claim with the EEOC.

light most favorable to Barrow, she is not entitled to relief.   Accordingly, *sua sponte* dismissal is warranted.

## II.   CONCLUSION

For the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Barrow's Complaint as amended be DISMISSED without any further opportunity for amendment and prior to service of process because Barrow has failed to meet the statutory preconditions to filing suit. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 28 January 2008**.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

4

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 14th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE