IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGIE FLORENCE BARROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv918-MHT |
| ) | |
| The McDONALD'S CORPORATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

Pending before the Court is Plaintiff's Motion for extension of time to file additional materials relevant to her case (Doc. #12). On 14 January 2008, this Court recommended (Doc. #10) the District Court dismiss Plaintiff's Complaint, as amended, without any further opportunity for amendment and prior to service, because she failed to meet the statutory preconditions to filing suit. The time for objections to the recommendation has lapsed. See Doc. #10.

The Court recommended Plaintiff's dismissal because she has failed to meet the statutory pre-requisite to filing a claim pursuant to Title VII. "Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996) (*citing Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215

(5th Cir. Unit B 1982).

As stated in the Recommendation (Doc. #10), Plaintiff admitted to the Court that she has not been issued a right-to-sue letter. Thus, Plaintiff cannot initiate a suit under Title VII. 42 U.S.C. § 2000e-5(f)(1); *Forehand*, 89 F.3d at 1567 (11th Cir. 1996) ("[A] private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). It is clear from Plaintiff's Motion for an extension of time to file additional materials (Doc. #12), and the attachments thereto, she simply wants more time to file additional materials in support of her claims that she suffered employment discrimination. None of additional materials would satisfy the requirement of a right-to-sue letter from the EEOC prior to filing a Title VII suit. The Court is bound by the statutory preconditions set forth by Congress to initiating a Title VII suit and must dismiss a case when those preconditions have not been met. *Id*. Therefore, it is

ORDERED that the Motion for extension of time to file additional materials (Doc. #12) is DENIED.

DONE this 30th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE